IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| Walter H. See, | ) | Case No. 13-20796-GLT |
| Rachelle L. See, | ) | |
|     *Debtor(s)* | ) | Chapter 13 |
| | ) | Related Docket No |
| | ) | |
| Walter H. See, | ) | |
| Rachelle L. See, | ) | |
|     *Movant(s)* | ) | |
| | ) | |
|     Vs. | ) | |
| | ) | |
| Allegheny County Treasurer, Alliance | ) | |
| Realty Capital, Allied Interstate LLC, | ) | |
| American Infosource, Jerome Blank, | ) | |
| CBE Group, Capital One Bank, Capital | ) | |
| Recovery, Citibank NY State, ECMC, | ) | |
| Duquesne Light, Equitable Gas, Goodyear, | ) | |
| GE Capital Retail Bank, HSBC Bank, IC | ) | |
| Systems, Jefferson Regional Medical Center | ) | |
| Jordan Tax Service, Key Corp Bank of | ) | |
| Cleveland, Jeremy Kobeski, Law Offices of | ) | |
| Blatt, Hasenmiller, Leisk, and Moore, | ) | |
| Medcare Equipment Company, NCO | ) | |
| Financial, National Recovery Agency, | ) | |
| David Neeren, Ocwen Loan Servicing, | ) | |
| Portfolio Debt Collections Agency, Quest | ) | |
| Diagnostics, S&T Bank, Scotts Lawn Service | ) | |
| Sentry Credit Inc., T-mobile, Medical Bureau | ) | |
| of Pittsburgh, Toyota Motor Credit Corp., | ) | |
| West Penn Hospital-Forbes, Direct TV, | ) | |
| AES/Keycorp Trust, Allegheny Radiology | ) | |
| Associates, Allied Internation Credit Corp, | ) | |
| Borough of Port Vue, Chase Bank, City of | ) | |
| McKeesport, Credit Management, Erie | ) | |
| Insurance Group, GECRB/Care Credit, | ) | |
| Hayt, Hayt, and Landua, Internal Revenue | ) | |
| Service, Keystone Collections, LTD | ) | |
| Financial Services, McKeesport Area School | ) | |
| District, Northland Group, SLC Student | ) | |
| Loan Trust, Sleep Disorder Medicine Assoc, | ) | |
| Suburban Urilogical Associates, Bank of | ) | |

| | |
|---|---|
| New York Mellon Trust, The Student Loan | ) |
| Corporation, AFNI, CBCS, Colonial | ) |
| Acceptance, Curascript, Amazon, | ) |
| Guierrmo Borerro MD, JRMC Diagnostic, | ) |
| MedExpress, Municipal Authority of | ) |
| Westmoreland, Nationwide Credit Inc., | ) |
| Pennsylvania Department of Revenue, | ) |
| Sallie Mae, SunTrust Bank, Vengroff | ) |
| Williams and Associates, Westmoreland | ) |
| Foot and Ankle, and Ronda J. Winnecour, | ) |
| Chapter 13 Trustee, | ) |
| *Respondent(s)* | ) |

## ORDER CONFIRMING CHAPTER 13 SALE OF PROPERTY FREE AND DIVESTED OF LIENS

AND NOW, this _____, on consideration of the Debtors Motion for Sale of Property Free and Divested of Liens to Julian and Stephanie Thompson, for $109,900.00, after hearing held in Courtroom A, 54th Floor, 600 Grant Street, Pittsburgh, PA, this date, the Court finds:

(1) That service of the Notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above named Respondent, was effected on the following secured creditors whose liens are recited in said Motion for Private sale, viz:

**DATE OF SERVICE**           **NAME OF LIENOR AND SECURITY**

**August 4, 2017**            **The Bank of New York Mellon Trust Company, N.A.**
                              **c/o OCWEN Loan Servicing, LLC**
                              **1100 Virgina Drive, Ste 175**
                              **Fort Washington, PA 19034**
                              **Attn: BKR Dept.**

(2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of serviced duly filed and that the named parties were duly served with the Motion.

   (3) That said sale hearing was duly advertised in the Pittsburgh Post-Gazette on _____ and in the Allegheny County Legal Journal on _____, as shown by the Proof of Publications that are to be duly filed.

   (4) That at the sale hearing the highest/best offer received was that of the above Buyer and no objections to the sale were made which would result in cancellation of said sale.

   (5) That the price of $109,900.00 offered by Julian and Stephanie Thompson was a full and fair price for the property in question.

   (6) That the Seller's real estate agent was appointed by Court Order dated July 12, 2017.

   (7) That the Buyers have acted in good faith with respect to the within sale in accordance with In re Abbotts Dairies of Pennsylvania, Inc., 788 F2d.143 (*3d Cir. 1986).

   Now therefore, **IT IS ORDERED, ADJUDGED AND DECREED**, that the sale of the real property described as 509 Diehl Drive McKeesport, PA 15132 in Allegheny County is hereby **CONFIRMED** to Julian and Stephanie Thompson for $109,900.00, free and divested of the above recited liens and claims, and, that the Movant is authorized to make, execute and deliver to the Buyers above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

   IT IS FURTHER ORDERED, that the above recited liens and claims, be, and they hereby, are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

   FURTHER ORDERED, that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the closing agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions*, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

   (1) The following liens(s)/claim(s) and amounts; Bank of New York Mellon Trust Company in the approximate amount of $94,983.14. The total pay-off amount will be determined when the closing agent obtains the current pay-off at the time of the closing;
   (2) Delinquent real estate taxes, if any;
   (3) Current real estate taxes, pro-rated to the date of closing;
   (4) Normal closing costs including title search, legal fees, revenue stamps, and any other normal and necessary closing costs;

(5) The costs of local newspaper advertising in the amount of $_____ payable to Steidl & Steinberg, P.C. 707 Grant Street, Gulf Tower-Suite 2830, Pittsburgh, PA 15219;

(6) The costs of legal journal advertising in the amount of $_____ payable to Steidl & Steinberg, P.C. 707 Grant Street, Gulf Tower-Suite 2830, Pittsburgh, PA 15219;

(7) The Court filing fee of $181.00 payable to Steidl & Steinberg, P.C. 707 Grant Street, Gulf Tower-Suite 2830, Pittsburgh, PA 15219;

(8) The Court approved realtor commission in the amount of $6,594.00 is payable to Keith Soles, Howard Hanna Wilson Baum Real Estate, 314 Long Run Road, McKeesport, PA 15132;

(9) The Court approved attorney fees in the amount of $2,830.00;

(10) Chapter 13 Trustee "percentage fees" in the amount of $_____ payable to "*Ronda J. Winnecour, Ch. 13 Trustee, P. O. Box 2587, Pittsburgh, PA 15230*";

(11) Debtors claimed exemption under 11 U.S.C. §522(d)(1) of $9,498.00

(12) Other:_____.

FURTHER ORDERED that:

(1) *Within seven (7) days of the date of this Order,* the Movants/Plaintiffs shall serve a copy of the within *Order* on each Respondents/Defendants (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney of the Debtors, the Closing Agent, the Purchasers, and the attorney for the Purchasers, if any, ad file a certificate of service.

(2) *Closing shall occur within sixty (60) days of this Order.*

(3) *Within seven (7) days following closing,* the Movant/Plaintiff shall file a *Report of Sale* which shall include a copy of the HUD-1 or other Settlement Statement; and,

(4) This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

_____
Honorable Gregory L. Taddonio
United States Bankruptcy Judge